UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB P. PITTS, | ) |
| | ) |
|        **Plaintiff,** | ) |
| v. | )   No.: 19-cv-2333-MMM |
| | ) |
| KANKAKEE COUNTY SHERIFF | ) |
| MICHAEL DOWNEY , et al., | ) |
| | ) |
|        **Defendants.** | ) |

## MERIT REVIEW

Plaintiff, currently in the custody of the Stateville Correctional Center, files a claim under 42 U.S.C. §1983, alleging constitutional violations while he was held as a pretrial detainee at the Jerome Combs detention Center ("Jail") in Kankakee, Illinois. Plaintiff alleges violations of the First Amendment and RLUIPA; and violations of Fourteenth Amendment through lack of procedural due process and inhumane conditions of confinement. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In a 10-month period, Plaintiff filed nine cases against Kankakee County Sheriff Downey and others. The Court has not made an exhaustive review of all of the cases, but finds that in this case, as well as two others, Plaintiff has identically pled that he was placed on

"Intractable/Strip Cell" status on May 19, 2019 - July 19, 2018; January 26, 2019 - February 6, 2019; and September 16, 2019. In *Pitts v. Downey*, No. 19-2283 (C.D. Ill. Oct. 24, 2019), Plaintiff alleged that, due to this placement, he was denied library access. In *Pitts v. Downey*, No. 19-2317 (C.D. Ill. Nov. 22, 2019), Plaintiff alleged that, due to this placement, he was denied mail, legal materials and hygiene items. In the case before this Court , Plaintiff alleges due to this placement, his religious practice was burdened.

      The Court notes that Plaintiff's various and partially redundant pleadings are likely in violation of the Illinois rule against claim splitting. *Green v. Northwest Community Hospital*, 401 Ill. App. 3d 152 (1st Dist. 2010); (a plaintiff cannot sue for part of a claim in one action and sue for the remainder in another action). The rule provides that a plaintiff must assert against defendant  in one lawsuit, all those grounds of recovery which arise from a single cause of action. A party cannot limit the recoveries pled in the first action so as to preserve the right to bring a later action if the first one fails. *Quintas v. Asset Management Group, Inc.,* 395 Ill.App.3d 324, 329, 917 N.E.2d 100, 104 (1st Dist. 2009). This, however, need not be determined now and the Court will undertake a merit review of the complaint at issue here.

      Plaintiff alleges that the self-flush function on his toilet has been disabled since January 26, 2019, because he had allegedly purposely caused the toilet to overflow and flood. Plaintiff does not deny having done it. As Plaintiff cannot flush the toilet himself, he must rely on Jail staff to do so. He claims that staff will often let the waste accumulate for several days before flushing the toilet. As a result, the toilet becomes overly full and un-flushable. Staff is then required to manually empty the toilet, causing waste to spill onto the cell floor. Plaintiff notes that, for security reasons, he has been restrained prior to meals and receiving medication since September 23, 2019. As a result, when staff take him for meals or to receive medication,

he must lay face down on the soiled cell floor to be handcuffed.

Plaintiff is then transported to the dayroom with a nylon spit shield placed over his head. Plaintiff complains that he is not given an opportunity to wash his hands before eating. Once he arrives in the dayroom, one of his hands is freed while the other remains restrained. The hood is removed, and Plaintiff is given medication and allowed to eat while surrounded by Jail staff who hold shields and tasers. Plaintiff claims that, as a result, he cannot stand or use both of his hands to pray over his food before eating.

Plaintiff identifies himself as a Jehovah's Witness and claims that he while on intractable/strip cell status, he is denied access to the bible, religious materials and a spiritual advisor. Plaintiff alleges that Jail Director Kolitwenzen imposed these restrictions on Plaintiff and was aware of his complaints through correspondence Plaintiff had sent him. Plaintiff alleges that Defendant Sergeant Schloendof oversaw the disciplinary sanctions under which Plaintiff was not allowed to practice his religion freely. Plaintiff makes the additional claim that on October 24, 2019, while he attempted to pray over his food, Defendant Sergeant Schloendof, without reason, threw him to the ground. Plaintiff claims vaguely that several other Doe Officers "were involved."

Plaintiff also alleges that he was placed on intractable/strip cell status without benefit of a hearing, in violation of his rights to procedural due process. Plaintiff pleads no facts to support whether one or more of the periods of intractable/strip cell status were initiated without a hearing. He also fails to plead which of Defendants he holds accountable.

## ANALYSIS

Individuals in custody have a First Amendment right to reasonable opportunities to practice their religion, subject to the legitimate penological concerns of the prison. *Maddox v.*

*Love*, 655 F.3d 709 (7th Cir. 2011); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Isby-Israel v. Lemmon*, No. 13-172, 2016 WL 3072177, at *4 (S.D. Ind. June 1, 2016) (internal quotation omitted). In addition, under RLUIPA, officials may not substantially burden a detainee's religious exercise unless there is a compelling government interest at stake. If such an interest exists, prison officials must use the least restrictive means of achieving it. 42 U.S.C. § 2000cc-1(a).

Here, Plaintiff states a colorable claim that Defendants Kolitwenzew and Schloendof violated his First Amendment and RLUIPA rights due to the intractable/strip cell status restrictions which burdened his religious rights. *See Ames v. Randle,* 933 F.Supp.2d 1028, 1037–38 (N.D.Ill.2013) (quoting *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001)*,* 266 F.3d at 740). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent."

While Plaintiff would also assert a conditions of confinement claim based on these restrictions, he has already asserted an identical claim in *Pitts v. Downey,* No. 19-2283 (C.D. Ill. Oct. 24, 2019). The same applies to the claims regarding the non-flushing toilet and the restraints applied at mealtime, also pled in No. 19-2283. These claims are DISMISSED.

Plaintiff's only allegations against Defendant Downey is that he is responsible in his capacity as Sheriff. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). Here, as Plaintiff does not allege Defendant Downey had personal knowledge of the alleged conditions, he is DISMISSED.

4

Plaintiff's procedural due process allegations fail to state a claim as Plaintiff fails to plead sufficient facts and does not identify any Defendant whom Plaintiff believes responsible for the violation. This claim is DISMISSED. As Plaintiff is no longer at the Jail, any claim for injunctive relief is also DISMISSED as he is no longer subject to the complained-of conditions.

Plaintiff's remaining claim, that on October 24, 2019, Defendant Schloendof threw him to the ground while he was attempting to pray, is dismissed for misjoinder. This is so, as Plaintiff alleges that Defendant struck him for no reason, and does not claim that the excessive force was in response to his religious exercise. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George,* 507 F.3d at 607. "Again, defendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law." *Ghashiyah v. Frank*, No. 05-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008).

The Court notes that at least three other of Plaintiff's cases; No. 19-2283, 19-2317 and 20-2214, have been stayed pursuant to the abstention doctrine elucidated in *Younger v. Harris*, 401 U.S. 37, 54 (1971). This is so as, while Plaintiff claims to have been unconstitutionally placed on intractable/strip cell status this was allegedly done in response to his attacks on staff, matters for which he has been criminally charged. *See Williams v. Farris*, 2013 WL 1729379, *2 (S.D. Ill. Apr. 22, 2013) citing *Younger*. "As a rule, a federal court shall not intervene in a pending state criminal prosecution." If this Court were to rule on the propriety of the intractable/strip cell status placement, it could conflict with the proceedings in the state case. The Court will stay this case pending a resolution of Plaintiff's related state criminal cases.

In addition, there is a potential bar to the proceedings if Plaintiff were to be convicted

in state court. In that event, *Heck v. Humphrey*, 512 U.S. 477 (1994) might apply, barring a § 1983 claim for money damages if its success would necessarily imply the invalidity of the criminal conviction or sentence. *Id.* at 487. As indicated, however, these proceedings will be stayed pending the outcome of the state court proceedings.

**IT IS, THEREFORE ORDERED:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, this case shall proceed against Defendants Kolitwenzew and Shloendof on the First Amendment and RLUIPA claims, only. All other claims are DISMISSED and shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. Defendant Downey is DISMISSED.

2. The Court will not effect service of process upon Defendants. Instead, this case is STAYED pending a resolution of Plaintiff's related state court criminal matters and pending further Order from this Court. Plaintiff is hereby ordered to notify the Court within 21 days of any disposition of the state court criminal charges against him.

3. The Court directs the Clerk to administratively close this case. *See Thomas v. Wardell*, 951 F.3d 854, 858 n. 3 (7th Cir. 2020) ("[a]dministratively closing a case moves it to a court's inactive docket, while the court retains jurisdiction for purposes of future activities on the case.")

4. Plaintiff's Motion for Status [8] is rendered MOOT by this order. All pending motions are denied as moot, and all entries on the Court's calendar are vacated.

|  |  |
|---|---|
|   11/6/2020   | s/Michael M. Mihm |
| ENTERED | MICHAEL M. MIHM |
|  | UNITED STATES DISTRICT JUDGE |